UNITED STATES DISTRICT COURT
For the _____ District of New Hampshire

Page 1 of 4

el, jaame amun re o/b/o EL JAAME AMUN RE          NO. _____
                    Plaintiff

v.                                               U.S. DISTRICT COURT
Mr. Robert Hazlewood d/b/a                       DISTRICT OF NH
Warden Robert Hazlewood...                       FILED
                    Defendant

                                    AMENDED Bivens COMPLAINT FOR MONEY
                                    2019 JUN 27 A 11: 52
                                    DAMAGES AND INJUNCTIVE RELIEF

### JURISDICTION

1. This suit is brought pursuant to Bivens..., 28 USCS §1331, §1332, seeking money damages, declaratory judgment and an injunction to redress equal protection of the law, in lieu of past deprivation practices of "Special Mail" and to prevent the further deprivation by the defendant and his agents, acting under color of federal law, of rights, privileges, and immunities secured by the Constitution of the United States, namely the due process clause of the Fourth Amend., Fifth Amend., Fourteenth Amend., and the First Amend., guaranteeing to all persons freedom of speech... the right to petition for redress of grievances, the right to be secured from unreasonable searches and seizures, and equal protection under the law.

2. This court has subject matter jurisdiction of this claim under 28 U.S.C. §1331 and §1332.

3. Plaintiff is the claimant party. The claimant party seeks, through this honourable court the remedy ref.

4. Plaintiff brings this action pursuant to Rule 23(b) of the Fed.R.Civ.P., on their own interest executed hereby this 12th day June, 2019, in the city of Berlin, New Hampshire 03570.

5. Defendant Robert Hazlewood has used alternating Officers at all times within FCI's mailroom. The number of staff member Officers of the class is not known with precision, but is believed to exceed "1".

6. There are questions of law and questions of common to the defendant(s). The question of fact common to defendant is that mailroom Officers of the defendant party did not and are not authorized, nor recieved authorization from the Plaintiff at any time hereto, to sign on his behalf, any matters regarding the nature of his legal mail communications, nor were any defendant party(ies) authorized by firsthand written knowledge hereto, or by email, or verbal communication to open, copy, read or destroy any of Plaintiff's incoming or outgoing legal mail paraphenalia whatsoever, to this effect.

Page 2 of 4

The question of law common to the defendant is that the defendant is subject to Federal law governing mail requirements and penalties per "SPECIAL MAIL" 28 CFR § 540.18 and 18 U.S.C. § 1341.

7. Plaintiff claims are affirmative, in accordance with the governing Fed. law and treaties protecting legal mail securities. Plaintiff know of no conflicts of interest among the Defendant Party with regard to the issues in this case.

8. Defendant(s) have acted on grounds routinely applicable to him, making the claim for money damages, injunctive and declaratory relief appropriate.

9. Seperate actions may establish a risk of inconsistent adjudications with respect to individual defendant "mail handlers", which would establish incompatible standards of conduct on part of the defendant.

10. This action is supported under F.R.Civ.P. Rule 23(b)(1), Bivens..., 18 USCS§1341, and 28 CFR§540.18.

### PARTY(IES) DEFENDANT

11. The Defendant "Robert Hazlewood" is the duly appointed "Warden/ISO" of the (FCI) Federal Correctional Institution, its officers/Agents, located at 1 Success Loop Road Berlin, NH 03570.

12. At all relevant times, the defendant acted through his officers, whom were duly qualified, never consistently operational in that capacity, in violation of 28 CFR§540.18 requirements and 18 USCS§1341 as well. [Plaintiff sought remedy w/ Attorney Genl. aswell.] Ref. Exhibit "2"

13. At all relevant times, the Defendant, his agents and officers were acting under "Color of Federal law" in the state of "FCI."

## CLAIM FOR RELIEF

14. The defendant Party understands that his Officers "knowingly" and "willfully" on ("7") or more occassions did commit acts of "mail fraud" (i.e. Frauds and swindles), in violation of TITLE 28 CFR §540.18 "SPECIAL MAIL" and TITLE 18 U.S.C. §1341 which states "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises... any matter or thing whatever to be sent or delivered by the Postal Service.... Such person shall be fined not more than $1,000,000".... *Hence, the defendant Party accepts the full financial liability amount owed and or the "settlement" amount sought ($2M). WHEREFORE, preceding this amended claim, Plaintiff did provide a record of an exhausted administrative remedy process sought with Defendant privately, in addition to Exhibit 1 which indicates "10" seperate photo-copies of photo-copied damaged mail envelopes of actual unrecieved original mailed envelopes, intercepted illegally by Defendant's unknown Officers of the inmate unit. The problem with these acts routinely practiced by Defendant is that, it subsequently undermines the governing federal laws aforementioned, operates accordingly as a securities breach of counsel communication relations, without Plaintiff's verbal/email/handwritten authorization to autograph/sign on his behalf, regarding his legal incoming mail indicating clearly thereon "SPECIAL MAIL OPEN ONLY IN THE PRESENCE OF INMATE per 28 CFR §540.18." (See Exhibit 1) However, defendant agrees that he mistakenly violated said terms and conditions indicated within the above stated language indicated in both governing TITLE(S) 28 CFR §540.18 and 18 USCS §1341.

15. Plaintiff currently seeks relief against defendant in the violation amount $7 Million United States Dollars Currency, payment of all court costs, with declaratory and injunctive protection against future practiced violations of his rights.

### PRAYER

Plaintiff request that this court grant:

A. A declaratory judgment that Plaintiff be paid in full computation amount per 18 USCS §1341 for each evidenced photo copy mail reported under Exhibit 1, as the indisputed recorded violations hereto. ("10" in total)

Page 4 of 4

B. An order enjoining defendant, his successors, Officers or persons acting in concert with them who have knowledge of the claims, to avoid violating his legal mail in any such fashion or threatening to do so.

C. All other relief that is just and proper.

Respectfully executed this 12th day June, 2019.

By: el, yname a re EP without recourse.
~without prejudice

El, Janne Amun Re

Reg.# 69854019

Federal Correctional Institution

1 Success Loop Road

Berlin, New Hampshire 03570

### Individual Affirmation Acknowledgement

This is to affirm, all statements tendered herein are true, correct, complete, and not misleading to the best of the Undersigneds knowledge, under penalties of perjury within the United States of America.

Claimant: By: el, yame a re EP without recourse.    Dated: June 12th, 2019
~without prejudice
Authorized Representative for El, JAAINE Amun Re

### CERTIFICATE OF SERVICE

This is to certify the stated..."COMPLAINT FOR MONEY DAMAGES AND INJUNCTIVE RELIEF" was prepared and forwarded to the "FCI Berlin" mailroom handlers to forward this record this 13th day June, 2019 to the below referenced recipient, via "Special Mail", with prepaid postage hereby:

⟺69854-019⟺
*Attn. United States-Courthouse
Clerk's Office Rm110
55 Pleasant ST
Concord, NH 03301
United States

cc: ⟺69854-019⟺
Solicitor General
Litigation
950 Pennsylvania AVE NW
Washington, DC 20530
United States

CC: Warden Robert Hazlewood
⟺69854-019⟺
Warden Robert Hazlewood
1 Success LOOP RD
Berlin, NH 03570
United States

## MEMORANDUM

As an initial matter, a conviction for **mail fraud** under 18 U.S.C. § 1341 does not require the{2018 U.S. Dist. LEXIS 4} government "to establish that the intended victim was *actually* defrauded." United States v. Allard, 926 F.2d 1237, 1242 (1st Cir. 1991). That is, **mail fraud** does not require the government to prove that another person detrimentally relied upon the defendant's misrepresentations. See Neder v. United States, 527 U.S. 1, 24-25, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999). "The relevant inquiry is whether there was an intent to mislead the victim by inducing an uninformed consent to part with money or property." Allard, 926 F.2d at 1242

1yacases                                        1

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

## Jury Demand

☑ Check this box if you are requesting a jury trial (if you want a jury of your peers to decide your case).

☐ Check this box if you are NOT requesting a jury trial (if you want the assigned judge to decide your case).

Date: _June 16th 2019_

Signature: _Sfiel, janne a re Ex_ without prejudice. without recourse.