**UNITED STATES DISTRICT COURT**
                    **FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>Jaame Amun Re El</u>

    v.                                              Case No. 19-cv-647-JL

<u>Warden Robert Hazlewood,</u>
<u>FCI Berlin et al.</u>[1]


                    **REPORT AND RECOMMENDATION**


    Plaintiff, Jaame Amun Re El, an inmate at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"), filed this action seeking a damages remedy pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narc.</u>, 403 U.S. 388 (1971), and seeking injunctive relief for alleged violations of his federal constitutional rights.  Mr. El alleges in this action that defendant FCI Berlin officers and administrators violated his rights under the United States Constitution, federal criminal statutes, and prison policy.

---

    [1]The caption of the complaint identifies Federal Correctional Institution, Berlin, New Hampshire ("FCI Berlin) Warden Robert Hazlewood as the sole defendant to this case.  In the narrative of the complaint, the plaintiff identifies the following additional defendants: FCI Berlin; FCI Berlin Mailroom Officer Melainson, whose first name is not known ("FNU"); FCI Berlin Corrections Officers Scott Tawes, FNU Flynn, FNU Farren, FNU Burnside, G. Perreault, A. McCormack; FCI Berlin Mailroom Officer S. Godinez; and unnamed FCI Berlin Mailroom Officers.

The complaint (Doc. No. 1), amended complaint (Doc. No. 5), and complaint addenda (Doc. Nos. 9-13, 15, 18-25, 27, 30-34) filed in this matter are before this court for preliminary review pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1).[2] Also before the court for consideration and a recommended decision are Mr. El's motion for summary judgment (Doc. No. 13) and motion for default (Doc. No. 22).

**Preliminary Review**

I. Standard

The court conducts a preliminary review of prisoners' complaints seeking relief from government agents. See 28 U.S.C. § 1915A(a); LR 4.3(d)(1). In considering whether a pro se complaint states a claim, the court construes the pleading liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The court then determines whether, stripped of legal conclusions, and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court may dismiss claims, sua sponte, if the court lacks

---

[2]The court considers the complaint (Doc. No. 1), amended complaint (Doc. No. 5), and complaint addenda (Doc. Nos. 9-13, 15, 18-25, 27, and 30-34), together, to be the operative complaint in this matter for all purposes.

jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b); LR 4.3(d)(1)(A).

II.   Background and Claims

The court liberally construes the complaint documents to assert the following claims for relief:

1.   During and after January 2019, defendant FCI Berlin Mailroom Officer Melainson and other unnamed FCI Berlin Mailroom officers, violated Mr. El's rights by interfering with his legal mail, as follows:

   a.   In January 2019, after opening a letter Mr. El received from his attorney in Mr. El's presence, Officer Melainson removed, looked through, and read the documents in the mailing, which included Mr. El's 2018 tax forms, without Mr. El's permission, in violation of:

      i.   the Sixth Amendment;

      ii.  28 C.F.R. § 540.18; and

      iii. 18 U.S.C. § 1341.

   b.   Officer Melainson and FCI Berlin Corrections Officers ("COs") Flynn, Farren, and Burnside caused Mr. El's mail from his attorney, including Mr. El's tax forms, to be returned to his attorney on the basis that Mr. El was not permitted to possess tax forms under prison policy, and defendants further failed to provide Mr. El information as what law or policy supported the decision to return Mr. El's legal mail, in violation of:

      i.   the Sixth Amendment;

      ii.  28 C.F.R. § 540.18; and

      iii. 18 U.S.C. § 1341.

3

c.  Unnamed FCI Berlin Mailroom Officers signed for and/or opened eight letters Mr. El received from his attorney at the Northern District of Georgia Federal Public Defenders Office, which arrived in envelopes marked "Special Mail – Open Only in the Presence of Inmate per 28 CFR 540.18," outside of Mr. El's presence, and photocopied and/or damaged the contents of the letters without Mr. El's permission, in violation of:

   i.   the Sixth Amendment;

   ii.  28 C.F.R. § 540.18; and

   iii. 18 U.S.C. § 1341.

d.  Unnamed FCI Berlin officers signed for and/or opened two letters Mr. El received from "EOUSA/DOJ/FOIA," which were marked "Legal Mail – Open Only in Presence of Inmate," outside of Mr. El's presence and without Mr. El's permission, in violation of:

   i.   the Sixth Amendment;

   ii.  28 C.F.R. § 540.18; and

   iii. 18 U.S.C. § 1341.

e.  On July 31, 2019, Mr. El received "Special Mail" from the "Office of the Inspector General/Federal Housing Finance Agency" through his Unit Officer rather than through the FCI Berlin Mailroom, in violation of:

   i.   28 C.F.R. § 540.19;

   ii.  Federal Bureau of Prisons ("BOP") Program Statement 1210.21; and

   iii. 18 U.S.C. § 1341.

f.  Unnamed FCI Berlin officers caused Mr. El's legal mail from the federal district court in Atlanta, Georgia to be tampered with, damaged, and delayed, and in one instance, such mail was postmarked August 15,

    2019, but did not reach Mr. El until September 12, 2019, in violation of:

        i.    the First, Fifth, and Sixth Amendments;

        ii.   28 C.F.R. § 540.18; and

        iii.  18 U.S.C. § 1341.

2.    On July 30, 2019, FCI Berlin CO Scott Tawes, in retaliation for Mr. El's complaints concerning his legal mail, stopped Mr. El on his way to his cell after leaving the law library, and asked to see Mr. El's closed manilla envelope which contained legal documents, tax forms, a notepad, an "Entrepreneur" magazine, and other documents; CO Tawes told Mr. El to face the wall, walked away with the contents of Mr. El's manila envelope, and threatened to put Mr. El in the Special Housing Unit ("SHU") if Mr. El approached him, in violation of:

    a.    Mr. El's First Amendment right not to be subject to retaliation for exercising his right to petition the government for a redress of grievances;

    b.    Mr. El's Sixth Amendment right not to have his legal materials interfered with;

    c.    Mr. El's Eighth Amendment right not to be harassed and threatened; and

    d.    18 U.S.C. § 1708.

3.    On September 5, 2019, FCI Berlin CO J. Hulme removed Mr. El from the "A2" housing unit and placed him in a holding cell, where Mr. El engaged in prayer pursuant to his religious practice; CO Hulme then brought Mr. El from the holding cell to SHU, where he remained for fourteen days, in violation of:

    a.    Mr. El's First Amendment free exercise rights;

    b.    Mr. El's Fifth Amendment equal protection right not to be subject to religious discrimination;

    c.    Mr. El's Fifth Amendment right to procedural due process; and

    d.    Mr. El's Eighth Amendment right not to be subject to cruel and unusual punishment.

4. On September 5, 2019, CO Hulme improperly charged Mr. El with a disciplinary offense for "Interfering with the Taking of Count" and "Refusing to Obey an[] Order of a Staff Member," when Mr. El refused to report for a 4:30 a.m. work shift when directed to do so by an officer, as Mr. El had been moved to a 6:30 a.m. shift and had been mistakenly placed on the 4:30 a.m. work schedule, and subjected Mr. El to a thirty-day loss of email as a sanction for that disciplinary offense, in violation of Mr. El's Eighth Amendment right not to be subjected to cruel and unusual punishment.

5. On September 9, 2019, while being housed in SHU, Mr. El was subjected to a "Tuberculosis (TB) injection" to which he did not consent, in violation of:

    a.    Mr. El's right to private property;

    b.    Mr. El's First Amendment right not to engage in conduct which violates his religion;

    c.    Mr. El's right of access to the courts; and

    d.    Mr. El's Eighth Amendment right not to be placed in danger of serious harm during his incarceration.

6. On October 29, 2019, FCI Berlin CO G. Perreault interfered with Mr. El's outgoing Special/Legal Mail by seizing and scrutinizing a letter that Mr. El had designated Special/Legal Mail, and issuing a disciplinary charge against Mr. El for "Special Mail Abuse," in violation of:

    a.    Mr. El's Fourth Amendment right to be secure from the unreasonable search and seizure of his papers;

    b.    Mr. El's Fifth Amendment procedural due process right not to have a disciplinary report issued against him that was not signed by a Lieutenant;

    c.    BOP policy;

    d.    18 U.S.C. § 1341; and

  e. 18 U.S.C. § 1708.

7. On December 29, 2019, FCI Berlin Warden Robert Hazlewood effected a new policy for inmate mail handling, purportedly for "security reasons," which provides for inmates to be given photocopies of incoming general mail instead of original documents and envelopes, and photocopies of envelopes containing legal mail instead of original envelopes, in violation of Mr. El's:

  a. First Amendment right to receive incoming general mail without interference; and

  b. Sixth Amendment right to receive legal mail without interference.

8. On February 3, 2020, FCI Berlin Mailroom Officer S. Godinez brought a disciplinary charge against Mr. El for "Being in Unauthorized Area" when Mr. El attempted to submit legal mail outside of the posted hours for doing so, resulting in Mr. El being sanctioned with a ninety-day loss of good time and email, and the revocation of 54 days good conduct time, in violation of:

  a. Mr. El's First Amendment right to petition the government for a redress of grievances, as his efforts to litigate were hampered by:

    i. his lack of access to the phone and email; and

    ii. the time limitations on Mr. El's ability to send legal mail from the FCI Berlin Mailroom;

  b. Mr. El's Fifth Amendment right to due process, in that the disciplinary incident resulted in Mr. El acquiring "points" on his custody status that could eventually result in his transfer from FCI Berlin to a maximum security facility;

  c. Mr. El's Fifth Amendment right to equal protection; and

  d. BOP Policy.

9. Warden Hazlewood, acting in his capacity as a supervisory prison official and prison administrator, was

aware of the facts underlying the claims Mr. El has asserted in this action, which are identified and summarized here as Claims 1-6 and 8, by virtue of Mr. El's verbal and written communication with Warden Hazlewood, and failed to remedy Mr. El's complaints, in violation of:

    a.   Mr. El's First, Fifth, Sixth, and Eighth Amendment rights; and

    b.   BOP policy.

## III. Discussion

### A. Parties

#### 1. Plaintiff

The caption of Mr. El's initial pleading identifies the plaintiff in this case as "el, jaame amun re o/b/o EL, JAAME AMUN RE," and the narrative of the complaint states, "Plaintiffs are the claimant party." Doc. No. 1, at 1. The court presumes that "el, jaame amun re" and "EL, JAAME AMUN RE" are the same person. Mr. El is the "plaintiff" in this case.

#### 2. Defendants

Mr. El refers to the defendants in this case as a "class of defendants." Doc. No. 1, at 1. Mr. El, in his complaint, also asserts that he is proceeding here pursuant to Rule 23(b) of the Federal Rules of Civil Procedure. See id. That rule concerns class action lawsuits. Here, Mr. El identifies the defendant class as consisting of: FCI Berlin officers, who have worked in the FCI Berlin Mailroom, and who have opened Mr. El's legal mail

which was identified as "Special Mail" or "Legal Mail" outside of Mr. El's presence. Mr. El states that the number of officers who make up the defendant class "is not known with precision, but is believed to exceed '1.'" Id. Mr. El further notes that there are questions of law and fact in common to the class of defendants. See id.

Mr. El has not moved to certify a class of defendants. Accordingly, the court need not decide whether the defendants in this action are properly considered a class. In this Report and Recommendation ("R&R"), the court has identified the defendants as those FCI Berlin employees identified in Claims 1-9.

B. Legal Mail Claims

1. Constitutional Claims

a. Attorney/Legal Mail (Claims 1(a)(i), 1(b)(i), 1(c)(i), 1(d)(i))

In Claims 1(a)(i), 1(b)(i), 1(c)(i), and 1(d)(i), Mr. El asserts that his First, Fifth, and Sixth Amendment rights were violated with regard to legal mail he received from his criminal attorney during and after January 2019. The Sixth Amendment protects a criminal defendant's right to the assistance of counsel in the proceedings against him, which includes the right to private communication with his attorney without intrusion by the government. See Hudson v. O'Brien, Civil Action No. 09-

9

10276-RWZ, 2010 U.S. Dist. LEXIS 73683, at *6-*7, 2010 WL 2900529, at *2 (D. Mass. July 21, 2010).

> [I]n determining whether correspondence is legal mail, the issue does not turn on whether there is an existing attorney-client relationship regarding an on-going legal matter; rather, the key issue is whether the attorney and inmate have a fundamental interest in maintaining the confidentiality of communications relating to a legal matter.

ACLU Fund of Mich. v. Livingston Cty., 796 F.3d 636, 644 (6th Cir. 2015).

Construed as claims for damages and injunctive relief based on interference with Mr. El's legal mail, Claims 1(a)(i), 1(b)(i), 1(c)(i), and 1(d)(i) may proceed at this time.[3] In an Order issued simultaneously with this Report and Recommendation, the court directs service of those claims on the defendants identified by name therein, in their individual and official capacities.[4]

---

[3] The court makes no comment at this time as to whether Mr. El's legal mail claims for damages are actionable under Bivens in light of Ziglar v. Abassi, 137 S. Ct. 1843 (2017). The court declines to undertake that analysis without the parties' briefing on the issue.

[4] If Mr. El intends to assert these claims against presently unnamed defendants, he will have to obtain their full names in discovery, and properly move to amend his complaint to add allegations concerning those defendants.

### b. Court Mail (Claim 1(f)(i))

In Claim 1(f)(i), Mr. El alleges that his First, Fifth, and Sixth Amendment rights were violated when his mail from the court was tampered with, delayed, and destroyed.

> Not all mail that a prisoner receives from a legal source will implicate constitutionally protected legal mail rights. Indeed, even mail from a legal source may have little or nothing to do with protecting a prisoner's access to the courts and other governmental entities to redress grievances or with protecting an inmate's relationship with an attorney.

Sallier v. Brooks, 343 F.3d 868, 874 (6th Cir. 2003).

In general, court mail is a matter of public record and its inspection does not violate an inmate's federal rights. See Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987). Further, Mr. El has not demonstrated that the delay in processing one letter from the court, or any other alleged interference with his court mail, caused him any actual injury in violation of his right of access to the courts, cf. Lewis v. Casey, 518 U.S. 343, 351 (1996), or that it has otherwise violated any of his federal rights, see Anctil v. Fitzpatrick, No. 1:16-CV-00107-JAW, 2018 U.S. Dist. LEXIS 210121, at *35, 2018 WL 6579153, at *13 (D. Me. Dec. 13, 2018) (inmate's receipt of "mail from the courts that was previously opened, or was read to him by a member of staff, does not establish a constitutional violation"), R&R adopted, No. 1:16-CV-00107-JAW, 2019 U.S. Dist. LEXIS 20558, at *1-*2, 2019 WL 501467, at *1 (D. Me. Feb. 8, 2019).

To the extent Mr. El claims violations of his federal constitutional rights based on the fact that FCI Berlin employees opened his mail from the court outside of his presence, Mr. El has failed to state a claim upon which relief might be granted.  Accordingly, the district judge should dismiss Claim 1(f)(i).

> 2. <u>Prison Policy Violations (Claims 1(a)(ii), 1(b)(ii), 1(c)(ii), 1(d)(ii), 1(e)(i)&(ii), 1(f)(ii))</u>

In Claims 1(a)(ii), 1(b)(ii), 1(c)(ii), 1(d)(ii), 1(e)(i)&(ii), and 1(f)(ii), Mr. El asserts that his rights were violated by the defendants' failure to follow prison policies established by the BOP and/or FCI Berlin.  "An assertion that prison officials failed to follow prison rules or policies does not set forth a constitutional claim." <u>McFaul v. Valenzuela</u>, 684 F.3d 564, 579 (5th Cir. 2012); <u>see also</u> <u>Gray v. Perkins</u>, No. 18-cv-874-JL, 2020 U.S. Dist. LEXIS 26128, at *6, 2020 WL 759954, at *2 (D.N.H. Jan. 2, 2020), <u>R&R adopted</u>, No. 18-cv-874-JL, 2020 U.S. Dist. LEXIS 24810, at *1, 2020 WL 758162, at *1 (D.N.H. Feb. 7, 2020); <u>Querido v. Wall</u>, C.A. No. 10-098 ML, 2010 U.S. Dist. LEXIS 139201 at *14, 2010 WL 5558915, at *3 (Dec. 8, 2010), <u>R&R adopted</u>, 2011 U.S. Dist. LEXIS 1882, 2011 WL 63503 (D.R.I. Jan. 7, 2011).

Further, the pertinent prison policies governing the conduct of prison officials in this case do not themselves provide Mr. El with a private right of action for prison officials' violations of those policies. For these reasons, Mr. El has failed to state a claim for relief for the defendants' violation of prison policies, and the district judge should dismiss Claims 1(a)(ii), 1(b)(ii), 1(c)(ii), 1(d)(ii), 1(e)(i)&(ii), and 1(f)(ii).

      3.    Claims Based on Criminal Conduct (Claims 1(a)(iii), 1(b)(iii), 1(c)(iii), 1(d)(iii), 1(e)(iii), 1(f)(iii))

In Claims 1(a)(iii), 1(b)(iii), 1(c)(iii), 1(d)(iii), 1(e)(iii), and 1(f)(iii), Mr. El alleges that the defendants' actions with regard to his legal mail violated the federal criminal mail fraud statute, 18 U.S.C. § 1341. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Further, § 1341 does not give rise to a private cause of action. See Thompson v. Michels, 574 F. App'x 196, 197 (3d Cir. 2014). Accordingly, Mr. El cannot state a claim arising out of the alleged criminal conduct of the defendants, and the district judge should dismiss Claims 1(a)(iii), 1(b)(iii), 1(c)(iii), 1(d)(iii), 1(e)(iii), and 1(f)(iii).

C.   Misjoinder of Claims (Claims 2-8)

"A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  A plaintiff may join multiple defendants in a single action if he or she asserts against each of them at least one claim to relief that arises out of the same transaction or occurrence, or series of transactions or occurrences, and presents questions of law or fact common to all.  See Fed. R. Civ. P. 20(a)(2)(A), (B); Rice v. Spencer, No. CIV.A. 2013-12046-RBC, 2014 WL 2453104, at *3, 2014 U.S. Dist. LEXIS 74359, at *8 (D. Mass. May 29, 2014); 7 Charles Alan Wright et al., Fed. Prac. and Proc. § 1655 (3d ed. 2009).  Nevertheless,

> [a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot.  Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions.

Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012) ("a plaintiff may put in one complaint every claim of any kind against a single defendant, . . . but a complaint may present claim #1 against Defendant A, and claim #2 against Defendant B, only if both claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences'" (citations omitted)).

14

To prevent a case from becoming a case management "morass," and to prevent litigious prisoner plaintiffs from avoiding the impact of the so-called three-strikes rule in the Prison Litigation Reform Act ("PLRA"), unrelated claims brought by prisoners against different defendants belong in different suits. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Since the PLRA "limits to three the number of frivolous suits or appeals that any prisoner may file without prepayment of the required filing fees," allowing such inmates to misjoin claims and defendants could allow vexatious in forma pauperis inmate plaintiffs to evade the impact of the three-strikes rule by joining all of their disparate claims and defendants together. Id. Where claims that should be litigated separately have been misjoined, this court may dismiss the claims without prejudice or sever them in its preliminary review. See Wheeler, 689 F.3d at 683 (court that identifies misjoined claims or defendants can "solve the problem by severance (creating multiple suits that can be separately screened)" or by "dismissing the excess defendants"); see generally Fed. R. Civ. P. 21.

In Claims 2-8, Mr. El has alleged events that do not arise from the same transaction or series of transactions that underlie the legal mail claims that the court has served. Further, the allegations underlying Claims 2-8 are distinct in time from the claims to be served in this action, and name only

defendants not named in those claims. The court finds, therefore, that Claims 2-8 are misjoined with the claims that this court has allowed to proceed.

Nothing in the record of this case indicates that any prejudice would accrue to Mr. El if the court dismisses the misjoined claims without prejudice to his ability to assert those claims in new actions. Accordingly, the district judge should dismiss Claims 2-8 without prejudice to Mr. El's ability to file new actions asserting those claims.

### D. Claims Against FCI Berlin

Mr. El identifies FCI Berlin as a defendant in this action. Although Mr. El does not name FCI Berlin as a defendant to a particular claim in this case, all of the claims which the court authorizes to proceed at this time are asserted under Bivens. A plaintiff cannot bring a Bivens action against a federal agency. See FDIC v. Meyer, 510 U.S. 471, (1994). To the extent Mr. El has alleged any claim for damages against FCI Berlin, therefore, the district judge should dismiss that claim.

### E. Prison Supervisors and Administrators – Denial of Grievances (Claim 9)

In Claim 9, Mr. El alleges that Warden Hazlewood, acting in his supervisory and administrative capacities, violated Mr. El's

First, Fifth, Sixth, and Eighth Amendment rights, concerning the facts and circumstances underlying Claims 1-6 and 8.

> A claimed constitutional violation must be based upon active unconstitutional behavior. The acts of one's subordinates are not enough . . . . For the same reason that a supervisory relationship is insufficient to establish liability for the misconduct of a subordinate, denying a grievance or failing to act based on information contained in a grievance is insufficient to establish § 1983 liability.

Moore v. Mich. Dep't of Corr., No. 1:17-cv-615, 2017 WL 3431602, at *7, 2017 U.S. Dist. LEXIS 126885, at *17 (W.D. Mich. Aug. 10, 2017), aff'd, No. 17-6107, 2018 U.S. App. LEXIS 25325 (6th Cir. Sept. 5, 2018); see also Carter v. Englander, No. 17-cv-52-LM, 2018 U.S. Dist. LEXIS 211168, at *20, 2018 WL 6593934, at *7 (D.N.H. Aug. 22, 2018) (denial of grievance is not a constitutional violation (citing cases)), R&R approved, No. 17-cv-52-LM, 2018 U.S. Dist. LEXIS 210843, at *2, 2018 WL 6591227, at *1 (D.N.H. Dec. 11, 2018).

Mr. El does not allege that, to the extent he is sued in his supervisory and administrative capacities, Warden Hazlewood had any direct role in the events underlying Claims 1-6 and 8. Mr. El, therefore, cannot allege a constitutional claim against Warden Hazlewood as to Claims 1-6 and 8 based on his own actions, or on the basis that Warden Hazlewood failed to respond to his emails and grievances, and the district judge should dismiss Claim 9 from this action.

17

F.   <u>Injunctive Relief</u>

Mr. El seeks injunctive relief, in that he asks the court to issue an order directing the defendants not to interfere with his receipt of legal mail and not to open his legal mail outside of his presence.  In the Order issued this date directing service upon the defendants, the court directs the defendants to respond to the request for injunctive relief.  The court takes the request for injunctive relief under advisement pending receipt of the defendants' response.

In his filings, Mr. El also asks the court to investigate the legality of the mail operations at FCI Berlin.  The court does not investigate matters on behalf of litigants, and the district judge should deny that request.

**Motions**

Mr. El has filed a motion for summary judgment (Doc. No. 13) and a motion seeking entry of default and/or default judgment (Doc. No. 22) against the defendants.  Although Mr. El alleges that he has effected service on Warden Hazlewood in this action, because Mr. El is a prisoner filing a civil action against government officials, the defendants are not required to appear or answer the complaint until the court conducts preliminary review pursuant to 28 U.S.C. § 1915A(a), and directs

service on those defendants. See Askew v. Holder, No. CIV.A. 12-0221, 2013 U.S. Dist. LEXIS 21601, *1-*2, 2013 WL 595893, at *1 (D.D.C. Feb. 15, 2013) (collecting cases). Cf. 42 U.S.C. §1997e(g)(1) (defendants may waive right to reply to complaint without waiver being considered an admission). The court has not yet directed that any defendant be served with the complaint, or that any defendant file an answer in this matter.

In an Order issued simultaneously with this R&R, the court directs that the complaint be served. However, because service of this matter was not authorized until this date, the defendants have not yet accrued the obligation to respond to the complaint, or to any motion filed in this action. Accordingly, default and default judgment cannot be entered at this time. The district judge, therefore, should deny the motion for summary judgment (Doc. No. 13) and the motion for default (Doc. No. 22), without prejudice to Mr. El's ability to seek such relief, as appropriate, at a later stage in this case.

**Conclusion**

For the foregoing reasons, the court recommends that the district judge:

- Dismiss Claims 1(a)(ii)-(iii), 1(b)(ii)-(iii), 1(c)(ii)-(iii), 1(d)(ii)-(iii), 1(e)(i)-(iii), 1(f)(i)-(iii), and Claim 9 for failure to state a claim upon which relief might be granted;

- Dismiss Claims 2-8 without prejudice to Mr. El's ability to assert those claims in new actions;

- Dismiss all of the defendants in this action other than FCI Berlin Mailroom Officer Melainson, and FCI Berlin COs Flynn, Farren, and Burnside from this action, in their individual and official capacities, without prejudice to Mr. El's ability to move to amend his complaint to identify and add defendants to the claims served this date;

- Deny Mr. El's request for a court-conducted investigation into FCI Berlin's mail operations;

- Deny Mr. El's motion for summary judgment (Doc. No. 13); and

- Deny Mr. El's motion for default (Doc. No. 22).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

May 7, 2020

cc: Jaame Amun Re El, pro se