UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Jaame Amun Re El

    v.                                             Civil No. 19-cv-647-SE
                                                   Opinion No. 2022 DNH 087

FCI Berlin, Warden


### ORDER

On June 14, 2019, pro se plaintiff Jaame Amun Re El initiated this action. Doc. no. 1. At the time, El was incarcerated at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"). El alleges that FCI Berlin employees violated his rights under the United States Constitution, federal criminal statutes, and prison policy when they interfered with his legal mail. See doc. no. 39. He seeks damages for these alleged violations and injunctive relief to prevent FCI Berlin employees from interfering with his mail in the future. See id.

There is a lengthy procedural history in this case, including two issued and approved Reports and Recommendations and an interlocutory appeal to the First Circuit Court of Appeals. See doc. nos. 39, 47, 68, 70, 84, 87, 96. All defendants from El's action have been dismissed except for four specific FCI Berlin employees—Mailroom Officer Melanson and

Corrections Officers Flynn, Farren, and Burnside. Doc. no. 47; see doc. no. 39.

There are two pending motions before the court: El's "Motion to Compel Arbitration" and notice of address change (doc. no. 89 (bolding and capitalization omitted)) and the remaining defendants' motion to dismiss for failure to state a claim or in the alternative for summary judgment (doc. no. 91).[1] For the reasons that follow, El's motion is denied, and the defendants' motion is granted.

DISCUSSION

I. El's Motion to Compel Arbitration[2]

El's motion is titled: "MOTION TO COMPEL ARBITRATION BY VERIFIED PARTIES OF THE EXECUTIVE BRANCH OF GOVERNMENT, FOR THIS CLAIM OF 'MAIL FRAUD' (at 18 USC 1341), CLAIM OF 'DELIBERATE

---

[1] El filed a "surreply" in response to the defendants' motion to dismiss or in the alternative for summary judgment. Doc. no. 93 (bolding and capitalization omitted). The court construed El's "surreply" as an objection to the defendants' motion and gave El an opportunity to file an objection if he did not intend his surreply to serve as one. Endorsed Order, dated Feb. 15, 2022 (Elliott, J.). El did not file a replacement objection. The defendants filed a reply in response to El's objection. Doc. no. 95. El did not file any further response.

[2] This order does not affect the notice of address change contained in the same motion, identifying El's mailing address in Manchester, Connecticut, as of January 29, 2022. See also doc. no. 76 (prior notice filed April 28, 2021, identifying El's then-current mailing address in Windsor, Connecticut).

INDIFFERENCE' (at 28 CFR 540.18), FOR FULL CLOSURE AND SETTLEMENT IN THIS MATTER." Doc. no. 89 at 1. Although the motion purportedly seeks to compel arbitration, nowhere other than in the title does it mention arbitration, much less explain the basis for the relief El seeks.[3] See McKenzie v. Brannan, 19 F.4th 8, 15 (1st Cir. 2021) (Federal Arbitration Act requires the movant to demonstrate that a valid agreement to arbitrate exists); 9 U.S.C. § 2. Further, the motion focuses entirely on the alleged actions of the warden of FCI Berlin, Robert Hazlewood. As noted in several prior orders, Hazlewood is no longer a defendant in this case. See doc. nos. 47, 68, 82. Therefore, El's motion to compel arbitration is denied.

II. The Defendants' Motion

The court treats the defendants' motion as a motion for summary judgment because the motion relies upon and supplements information in the record beyond the allegations contained in El's complaint and associated filings. See Fed. R. Civ. P. 56(c). Summary judgment is appropriate when the moving party shows that "there is no genuine dispute as to any material fact

---

[3] To the extent that El seeks criminal prosecution, his motion does not offer any authority upon which the court could compel criminal prosecution. See, e.g., Liviz v. Trump, Civil Action No. 19-10463-DJC, 2019 WL 1284818, at *1 (D. Mass. Mar. 20, 2019) (the plaintiff does not have standing to bring a criminal action in federal court).

3

and the movant is entitled to judgment as a matter of law." Id. 56(a). A genuine dispute is "one that must be decided at trial because the evidence, viewed in the light most flattering to the nonmovant, would permit a rational factfinder to resolve the issue in favor of either party." Joseph v. Lincare, Inc., 989 F.3d 147, 157 (1st Cir. 2021) (quotation omitted). "Facts are material when they have the potential to affect the outcome of the suit under the applicable law." Id. (quotation omitted).

The defendants raise three arguments in support of summary judgment, including that El's remaining claims are barred because he did not exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). See 42 U.S.C. § 1997e(a). To prevail on summary judgment based on the affirmative defense of failure to exhaust, prison officials must show that no factfinder could reasonably conclude that the plaintiff exhausted available remedies before filing suit. Burns v. Croteau, 561 F. Supp. 3d 164, 168 (D.N.H. 2020). If the defendants make that showing, the burden shifts to the plaintiff to come forward with definite and competent evidence showing the existence of a genuine dispute of material fact as to exhaustion. See id.

Because El was incarcerated at FCI Berlin at the time he filed his complaint, he was required to exhaust the procedure available to him through the BOP's Administrative Remedy Program

4

before filing suit in district court on June 14, 2019. 42 U.S.C. § 1197e(a); see Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); 28 C.F.R. § 542, Subpart B. The PLRA requires "proper exhaustion," which means that the prisoner must comply with all of the prison's "deadlines and other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 90-91 (2006); see also Acosta v. U.S. Marshals Serv., 445 F.3d 509, 512 (1st Cir. 2006) ("'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002))). Moreover, pursuing administrative remedies by taking some, but not all, of the steps available does not constitute exhaustion under the PLRA. See Johnson v. Thyng, 369 F. App'x 144, 148-49 (1st Cir. 2010). Finally, the pursuit of administrative remedies after filing suit cannot satisfy the exhaustion requirement. See Medina-Claudio, 292 F.3d at 36 ("[E]xhaustion prior to the commencement of the action [i]s an indispensable requirement. Exhaustion subsequent to the filing of suit will not suffice.").

The declaration of a BOP legal assistant, Cheryl Magnusson (doc. no. 91-2), and the exhibits (doc. nos. 91-3 to 91-9) submitted with the defendants' motion demonstrate that El failed to complete the steps necessary to exhaust his available administrative remedies with respect to his allegations of

5

improper mail handling prior to commencing this action on June 14, 2019. The majority of the administrative filings described in the defendants' motion occurred after El filed his complaint and are therefore irrelevant to the exhaustion analysis. See Medina-Claudio, 292 F.3d at 36. The relevant evidence shows that El initiated the BOP's administrative process on two occasions prior to filing suit. Only one effort was related to El's claims in this case and neither progressed through all of the steps required for exhaustion.

 The BOP has a four-step procedure enabling prisoners to pursue administrative relief from a grievance pertaining to the circumstances of their confinement. See 28 C.F.R. § 542, Subpart B (beginning with informal presentation of the issue to staff and ending with an appeal to the BOP's Central Office). On February 4, 2019, El filed a Request for Administrative Remedy ("BP-9") form pursuant to step two of the BOP's administrative remedy procedure complaining about the handling of his legal mail. For the purposes of this order, the court assumes that El had previously completed step one, which required an informal presentation of his grievance. After receiving the warden's February 21, 2019 response to the BP-9, El was required to submit a Regional Administrative Remedy Appeals ("BP-10") on or before March 13, 2019 pursuant to step three. Though El submitted three separate BP-10 forms, each was rejected by the

BOP for noncompliance with administrative rules and/or for untimeliness. The evidence shows that El did not pursue the fourth step—an appeal to the BOP Central Office ("BP-11").

The other pre-suit attempt to utilize the BOP's administrative remedy procedure, initiated by El on March 11, 2019, did not pertain to his allegations of mail interference directly, but instead sought information about FCI Berlin's insurance policy in an effort to facilitate his forthcoming lawsuit. The record evidence demonstrates that El did not complete step four of the BOP's procedure on this second attempt until August 2019, after his complaint was filed in this court. Even if El had properly completed the BOP's four-step procedure for seeking administrative relief on this second attempt, using the process to obtain insurance information does not show prior administrative exhaustion of his allegations of interference with his legal mail.

El's objection does not address any of the defendants' arguments. See doc. no. 93. It does not offer any evidence that he sufficiently exhausted his remedies or that his case falls into the PLRA's narrow textual exception to mandatory exhaustion. See Ross v. Blake, 578 U.S. 632, 642-44 (2016). El did assert in prior pleadings that he exhausted available administrative remedies. He included, among other attachments, a series of emails between himself and FCI Berlin's Case

7

Management account, descriptions of conversations he had with mailroom staff, and a "Claim for Damage, Injury, or Death" that he submitted to the Office of the Attorney General of the United States (doc. no. 1-3 at 2 (capitalization omitted)), detailing attempts outside of the BOP's established procedure to report and seek relief from his allegations of inference with his legal mail. These attempts do not negate the requirement that El complete the remedial process set forth in the BOP's four-step administrative procedure before filing a complaint in district court.

El has not provided any competent evidence to counter the defendants' evidence of an incomplete and procedurally noncompliant attempt to exhaust his available administrative remedies prior to filing his complaint on June 14, 2019. The court finds that there is no genuine dispute of material fact as to whether El failed to exhaust. See Woodford, 548 U.S. at 90-91; Acosta, 445 F.3d at 512; Johnson, 369 F. App'x at 148-49. El's failure to exhaust his available administrative remedies entitles the defendants to judgment as a matter of law on all of El's pending claims. Therefore, the defendants' motion is granted, and the court need not address the defendants' other arguments pertaining to mootness and the impropriety of extending Bivens to this case. See Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcs., 403 U.S. 388 (1971).

CONCLUSION

For the foregoing reasons, El's motion to compel arbitration (doc. no. 89) is denied, and the defendants' motion (doc. no. 91) is granted. El's action is dismissed without prejudice in its entirety. The clerk shall enter judgment and close this case.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

July 20, 2022

cc: Jaame Amun Re El, pro se
 Robert J. Rabuck, Esq.